UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON A. STILL ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| KHOSHNOOD LAW FIRM PC a ) | |
| Georgia Profit Corporation; and ) | |
| HOOMAN KHOSHNOOD, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Clinton A. Still (hereinafter "Plaintiff") by and through his undersigned counsel, and files this complaint against Defendants Khoshnood Law Firm PC ("Defendant Law Firm"), and Hooman Khoshnood ("Defendant Khoshnood") (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and against Defendant Khoshnood pursuant to O.C.G.A. 16-5-20, Simple Assault, and O.C.G.A.16-5-23, Simple Battery, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, of his lawful overtime wages.

2. Additionally this action arises from Defendant Khoshnood's violations of Plaintiff's rights by Defendant Khoshnood's having committed an assault and battery upon Plaintiff in violation of O.C.G.A. 16-5-20 and O.C.G.A. 16-5-23.

3. Plaintiff was employed by Defendants as a Paralegal at Defendants' office located at 501 Pulliam Street, Atlanta, Fulton County, Georgia 30312 (hereinafter "Defendants' Atlanta Location").

4. Plaintiff was employed by Defendants from on or about March 21, 2011 through January 3, 2013.

5. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

6. Plaintiff seeks unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

7. Plaintiff seeks punitive damages, attorneys' fees, costs and expenses, and other appropriate relief as a result of Defendant Khoshnood's commission of assault and battery upon Plaintiff.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

11. Plaintiff resides in Atlanta, Fulton County, Georgia (within this District) and is a citizen of the United States. Plaintiff has been employed by Defendants at Defendants' Atlanta Location, from on or about March 21, 2011, up to January 3, 2013, performing paralegal related duties.

12. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within

3

the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

13. Defendant Law Firm is a corporation operating in the State of Georgia, is not found in a search for corporations on the web site of the Georgia Secretary of State, and owns and operates a law firm with several office locations in the Atlanta area of Georgia.

14. Upon information and belief, Defendant Khoshnood is the sole owner of Defendant Law Firm and is a resident of Atlanta, Georgia.

15. Defendants conduct business within this State and District.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Atlanta Location, including the employment and pay and other practices of that operation.

17. Defendant Law Firm is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner, Defendant Khoshnood at Defendants' Atlanta Location or alternatively at one of Defendants' other Atlanta area offices. Defendant Khoshnood is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant

Khoshnood personally at Defendants' Atlanta Location or alternatively at one of Defendants' other Atlanta area offices. .

18. At all times material to this action, Defendant Law Firm was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. At all times material to this action, Defendant Law Firm was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

20. Upon information and belief, at all times material to this action, Defendant Khoshnood was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

21. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

22. Defendants hired Plaintiff to provide paralegal services to Defendants' clients primarily at Defendants' Atlanta Location.

23. Defendant Khoshnood was in charge of all of the individuals employed, including Plaintiff.

24. Defendant Khoshnood established Plaintiffs hours of work and compensation.

25. Plaintiff was required to work in excess of forty (40) hours a week.

26. Plaintiff regularly worked in excess of 40 hours per week for Defendants at all times relevant to this action.

27. At all times relevant to this action, Defendants regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

28. At all times relevant to this action, Plaintiff was paid a salary.

29. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

30. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week in an amount of no less than one and one-half times the Plaintiff's regular rate of pay in accordance with §§ 203 and 207 of the FLSA

31. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

32. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and

one-half times the Plaintiff's regular rate of pay in accordance with §§ 203 and 207 of the FLSA.

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

35. On or about January 3, 2013, Plaintiff was in Defendant Khoshnood's office at Defendants' Atlanta Office

36. While Plaintiff was in Defendant Khoshnood's office, Defendant Khoshnood proceeded to intentionally, forcefully and violently sweep items from the top of his desk in the direction of Plaintiff such that Plaintiff was struck in the chest and groin with said items.

37. Defendant Khoshnood then proceeded to lift a side chair and twice attempt to strike Plaintiff with it.

38. By his above actions, Defendant Khoshnood placed Plaintiff in reasonable apprehension of immediately receiving a violent injury.

39. Defendant Khoshnood intentionally made physical contact of an insulting or provoking nature with the Plaintiff by his above actions.

40. Plaintiff did not consent to Defendant Khoshnood's actions.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

42. Plaintiff demands a jury trial.

## COUNT I

43. Plaintiff repeats and incorporates by reference paragraphs 1-42 herein.

44. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

45. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation in an amount of no less than one and one-half times the Plaintiff's regular rate of pay for hours worked in excess of 40 in a work week in accordance with §§ 203 and 207 of the FLSA.

46. As a result of Defendants' violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate of no less than one and one-half times Plaintiff's regular rate of pay for hours worked in excess of 40 in a work week in accordance with §§ 203 and 207 of the FLSA.

47.     Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

48.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to no less than one and one-half times the Plaintiff's regular rate of pay for hours worked in excess of 40 in a work week in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II (Simple Assault)

49.     Plaintiff repeats and incorporates by reference Paragraphs 1-42 herein. By his actions alleged herein, Defendant Khoshnood willfully, knowingly and/or recklessly violated O.C. G. A. 16-5-20 on more than one occasion.

50.     Defendant Khoshnood intended to cause and did cause plaintiff to suffer apprehension of immediately receiving a violent injury on more than one occasion.

## COUNT III (Simple Battery)

51.     Plaintiff repeats and incorporates by reference Paragraphs 1-42 herein. By his actions alleged herein, Defendant Khoshnood willfully, knowingly and/or recklessly violated O.C. G. A. 16-5-23.

52. Defendant Khoshnood intended to and did make physical contact of an insulting or provoking nature with the person of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Plaintiff further prays for the following relief from Defendant Khoshnood with regards to Counts II and III:

A. That Plaintiff be awarded punitive damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D.     That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 7th day of March, 2013.

                          MARTIN & MARTIN, LLP

                          By: /s/ Thomas F. Martin
                          Thomas F. Martin
                          tfmartin@martinandmartinlaw.com
                          Georgia Bar No. 482595
                          Kimberly N. Martin
                          kmartin@martinandmartinlaw.com
                          Georgia Bar No. 473410

                          MARTIN & MARTIN, LLP
                          Post Office Box 1070
                          Tucker, Georgia 30085-1070

                          (770) 344-7267 / (770) 837–2678 Fax