IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON A. STILL, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION FILE NO. |
| | : 1:13-CV-00748-CAP |
| KHOSHNOOD LAW FIRM PC, | : |
| a Georgia Profit Corporation; and | : |
| HOOMAN KHOSHNOOD, an | : |
| individual, | : |
| Defendants. | : |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE AND
BRIEF IN SUPPORT THEREOF**

COME NOW Plaintiff and Defendants (together "the parties") and move the Court to approve the settlement which they have reached in this case through mediation and dismiss the action with prejudice. In support of this motion, the parties show the Court as follows:

1. Plaintiff in this action alleges that Defendants failed to pay Plaintiff the proper amount of overtime in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and has asserted other disputed claims including tort claims for assault and battery.

2.      Defendants have asserted various defenses and deny that they violated the minimum wage and overtime compensation provisions as alleged by Plaintiff and deny any other basis of liability in this matter.

3.      Following the exchange of written discovery requests and responses, and the taking of several depositions, the parties were able to reach a compromise and settlement at mediation in which all liability is denied, in order to avoid the risk, expense, and inconvenience of further proceedings.

4.      In order for a FLSA claim to be compromised or settled, if the claim is not supervised by the Secretary of Labor but brought by an employee in a lawsuit, the Court must determine that the proposed settlement "'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Silva v. Miller, 307 Fed. Appx. 349, 351, (11th Cir. 2009), citing Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1354 (11th Cir. 1982).

5.      There are bona fide disputes in this action, including whether Plaintiff was compensated in compliance with the FLSA, whether (if owed at all) the amount of overtime due should have been in the amount of $9,232.33 as claimed by Plaintiff or in the amount of $2,662.76, as calculated by Defendants, whether or not Plaintiff

y

Case 1:13-cv-00748-CAP   Document 27   Filed 10/07/13   Page 3 of 10

is entitled to any unliquidated damages based on the disputed allegation of willfulness, and whether Plaintiff is entitled to an award of attorney's fees.

6. After considerable effort and negotiations at the mediation, the parties agreed upon a settlement as described in Exhibit A hereto, with $14,525.00 to be paid to Plaintiff and with $6,725.00 to be paid to Plaintiff's counsel as attorney's fees, which represents a reduction in the fees otherwise agreed upon between Plaintiff and Plaintiff's counsel.

7. In addition to the District Court having a duty to review the proposed compromise or settlement, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 Fed. Appx. at 351-52.

WHEREFORE, the parties respectfully request the Court approve their proposed settlement of the case and dismiss the action with prejudice by way of the attached Order Approving Settlement.

-3-

Respectfully submitted,

MARTIN & MARTIN, LLP


*/s/  Thomas F. Martin*
Thomas F. Martin
Georgia State Bar No. 482595
Kimberly N. Martin
Georgia State Bar No. 473410
Attorneys for Plaintiff, CLINTON A. STILL

P.O. Box 1070
Tucker, Georgia 30085-1070
770/344-7267 Telephone
770/837-2678 Facsimile
tfmartin@martinandmartinlaw.com


HEDRICK LAW LLC


*/s/  L. Bruce Hedrick*
L. Bruce Hedrick
Georgia State Bar No. 343167
Attorney for Defendants, KHOSHNOOD LAW FIRM, PC and HOOMAN KHOSHNOOD

2408 Mt. Vernon Road
Atlanta, Georgia 30338
770/807-0004 Telephone
770/807-0569 Facsimile
404/983-7278 Cell Phone
bhedrick@h-elaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINT STILL,                                   :
          Plaintiff,                           :
                                               :         CAP
vs.                                            :   Civil Action File No. 1:13-CV-00748-~~TWT~~
                                               :
KHOSHNOOD LAW FIRM, P.C., *et al.*,            :
          Defendants.                          :

**AGREEMENT**

We, the undersigned, having participated in a mediation session on September 19, 2013, and being satisfied that the provisions of the resolution of our dispute are fair and reasonable, hereby agree to abide by and fulfill the following:

Defendant(s) agree(s) to pay, and plaintiff agrees to accept, in full and final settlement of all claims made or which could have been asserted in the above-styled case, the total sum of $21,250.

In consideration for payment of said sum, the parties agree to enter into a mutual stipulation of dismissal with prejudice of the above case and execute a mutual general release of

Plaintiff: [signed] 9/19/13          Defendant: [signed]
Mediator: [signed]

Page 1 of 2

[signed] 9/19/13          [signed]
                          Atty for State Farm

**EXHIBIT A**

all claims.

The disbursements of the settlement funds shall be by payment instruments as follows:

$14,525 payable to Clint Still
$6,725 payable to Thomas Martin, attorney at law.

The parties and counsel agree to cooperate to bring this matter to conclusion.

_____ 9/19/13
_____ 9/19/13

_____
Defendant

_____
Defendants Attorney

_____
Mediator

_____
Atty for State Farm

Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day cause to be served a copy of the within and foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND BRIEF IN SUPPORT THEREOF** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Thomas F. Martin, Esq.
> Kimberly N. Martin, Esq.
> Martin & Martin, LLP
> P.O. Box 1070
> Tucker, Georgia 30085-1070

This 7th day of October, 2013.

> /s/ *L. Bruce Hedrick*
> L. Bruce Hedrick

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa.

                                                          */s/   L. Bruce Hedrick*
                                                          L. Bruce Hedrick
                                                          Georgia Bar No. 343167

HEDRICK LAW LLC
2408 Mt. Vernon Road
Atlanta, GA  30338
(770) 807-0004 [telephone]
(770) 807-0569 [facsimile]
bhedrick@h-elaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON A. STILL, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION FILE NO. |
| | : 1:13-CV-00748-CAP |
| KHOSHNOOD LAW FIRM PC, | : |
| a Georgia Profit Corporation; and | : |
| HOOMAN KHOSHNOOD, an | : |
| individual, | : |
| Defendants. | : |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

Upon review of the Parties' Joint Motion for Approval of Settlement and Dismissal of Action, and for good cause shown, the Court hereby finds as follows: (1) there is no evidence of fraud or collusion behind the Parties' settlement of Plaintiff's claims; (2) based on the complexity, expense, and likely duration of the litigation, the stage of the proceedings, and the amount of discovery completed, the probability of the Plaintiff's success on the merits, the range of possible recovery, and the opinions of counsel, the Parties' settlement is fair, just, and reasonable under the circumstances.

WHEREFORE, the Court GRANTS the Parties' Joint Motion for Approval of Settlement and Dismissal of Action, and ORDERS the Plaintiff's claim against Defendants is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this _____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA